**Lena F. IRICK, Plaintiff In Error,**

v.

**Floyd G. HUBBELL and A. L. Webb, a co-partnership doing business under the name of Hubbell & Webb, Defendants In Error.**

**No. 36176.**

Supreme Court of Oklahoma.

March 1, 1955.

M. A. Cox, Chandler, for plaintiff in error.

P. D. Erwin, Chandler, for defendants in error.

ARNOLD, Justice.

Plaintiff, Lena F. Irick, brought this action in the District Court of Lincoln County against Floyd G. Hubbell and A. L. Webb, a co-partnership doing business under the name of Hubbell and Webb, for an accounting of oil and gas royalties on gas produced under a tract of land in which she owned an interest.

In support of the allegations of her petition plaintiff testified that she owned an undivided one-half interest in the Northwest Quarter of the Southeast Quarter of Section 4, Township 13 North, Range 6 East, Lincoln County; that on September 29, 1950, she executed and sent to defendants an oil and gas lease covering the entire North Half of the Southeast Quarter, although she only owned one-half the minerals under the Northwest Quarter of said quarter section; that thereafter defendants drilled a producing gas well on the Northwest Quarter of said quarter section, under which she owned an interest; that after the well was drilled she went to defendants' office at their request to sign the lease again because the notarization thereon was defective and that she resigned the lease and had it renotarized; that she never had any conversation with defendants about the well or made any agreement with other owners of mineral interests under the 80-acre tract described in the lease; that defendants sent her a unitization agreement unitizing the whole 80-acre tract and a division order giving her a pro-rata share along with other owners of interests under the entire 80-acre tract and refused to sign such division order and unitization agreement; that she was claiming half the landowner's one-eighth royalty under the quarter quarter section in which she owned an interest and on which the well is located and had refused to accept any lesser amount.

In support of the allegations of their answer, defendants testified that they had been and were drilling gas wells in this area when they were approached by one of the owners of a mineral interest in the 80 acres here involved asking that they drill a test well on the tract; that defendants explained to all lessors that they could not drill more than one well on the 80 acres and that the 80-acre tract would have to be communitized to which all agreed; that because the mineral owners under this tract lived in various parts of the country, four identical leases, except for the lessors' names, were prepared, each describing the entire 80-acre tract and each providing that a test well had to be commenced within ninety days from the date

thereof and also providing that if the lessor owned a less interest in the described land than the entire undivided fee simple estate then royalty would be paid to the lessor only in the proportion which his interest bore to the whole and undivided fee; that these leases were sent to the various owners, signed and returned, and each of the lessors understood that in order to obtain the drilling of a test well at any place on said 80 acres that the leases must cover the entire tract; that plaintiff agreed to join in the pooling and communitization of the interests of all the parties in mineral rights under said eighty-acre tract; that after receiving the leases executed by the owners defendants chose a drilling site, drilled the well which became a producing gas well; that thereafter they sent all the lessors standard communitization and division orders providing for payment of royalty in the proportion that the interest of the lessor bore to the entire royalty interest in the 80-acre tract; that all the lessors except plaintiff had executed such communitization agreement and division order and had been paid royalty thereunder; that plaintiff had refused to sign and had demanded a full one-half of the one-eighth landowner's royalty; that they stood ready and willing to pay plaintiff her pro-rata share of the royalty in the proportion that her interest bore to the entire 80-acre tract.

The four leases covering this 80-acre tract were introduced in evidence. They are identical in context except for the signatures thereto.

The court found that the entire eighty acres should be communitized and that plaintiff should receive a net one-fourth of one-eighth of the gas produced and marketed and that defendants should account to plaintiff on that basis, and rendered judgment in accordance with such findings.

Plaintiff contends that because she signed a lease separate from the other mineral owners and made no pooling agreement with the other lessors she owns her royalty in severalty.

In the case of Peerless Oil & Gas Co. v. Tipken, 190 Okl. 396, 124 P.2d 418, all the owners of separate contiguous parcels of

land signed a joint lease providing for the development of the combined tract. We held that their execution of the lease covering the combined tract showed a mutual intention on the part of such owners of the various parcels comprising the tract that the tract should be developed as a unit and therefore each owner would receive royalty in the proportion that his ownership bore to the entire tract, in the absence of a showing of a contrary intention.

The fact that here, instead of all owners signing one lease, all owners signed separate identical instruments makes no difference. As in the Peerless case, supra, the signing of the instruments covering the entire tract bespoke an intention on the part of each lessor that the tract would be developed as a unit. Plaintiff made no proof of any agreement or expressed intention between the lessors to the contrary. The judgment of the trial court that the entire tract should be communitized is therefore correct.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.